[No. 18697.  Department One.  December 18, 1924.]

## W. F. JAHN & COMPANY, *Respondent,* v. YAKIMA PRODUCE & TRADING COMPANY, *Appellant.*[1]

JUDGMENT (223)— RES JUDICATA — MATTERS CONCLUDED.    In a former action by the purchaser of hay to recover a claimed balance of an advance deposit, alleging that the hay tendered was not of the quality contracted for, a verdict and judgment establishing that $8,000 of the deposit did not belong to the seller, and that proper quality was tendered for the balance, $4,359.70, is *res adjudicata* of the purchaser's right to recover the $8,000 and to receive the hay tendered, or its value, for the excess; hence the former judgment is no defense to a subsequent action for the delivery of the hay properly tendered, or to recover the value at the date of the demand.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered October 25, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Hal. H. Cole,* for appellant.

*Richards, Gilbert & Fontaine,* for respondent.

TOLMAN, J.—This case is the aftermath of the case of *Jahn & Co. v. Yakima Produce & Trading Co.,* 120 Wash. 164, 206 Pac. 944.

In the former case, Jahn & Company brought suit to recover $12,359.70, the claimed balance of an advance or deposit on the purchase of a large quantity of hay, alleging that the hay tendered by the seller was not of the quality required by the contract, and was properly rejected for that reason, and that its advances should be returned to it.  The defense to that action was that hay of the quality called for by the contract had been tendered, and therefore the seller was entitled to retain the whole of the deposit.  The case was tried to a jury, and the jury was instructed to determine how much

[1]Reported in 231 Pac. 3.

hay, if any, meeting the conditions of the contract had been tendered and should have been accepted by the purchaser. The price of the hay was admittedly $25 per ton. The verdict was for Jahn & Company, the purchaser, in the sum of $8,000, thus establishing that, to that extent, the deposit did not belong to the seller, and also establishing that, as to the excess of $4,359.70, hay of the proper quality had been tendered by the seller, which at the contract price would absorb that amount.

After affirmance in this court, the judgment was paid, and Jahn & Company thereupon demanded of the seller the delivery to it of 174.39 tons of hay, as the equivalent of the sum of money which the jury had permitted the seller to retain, upon the theory that it had bought and paid for that amount of hay which it had not received, and that the seller could not retain both the purchase price and the thing sold. This demand being refused, the present action was brought to recover the value of the hay demanded as of the date of the demand, which is stipulated to be $7 per ton, or $1,220.73, which sum, with interest to the time of judgment, made a total of $1,385.53, for which amount judgment was entered against the defendant, and from that judgment, this appeal is taken.

To state the case seems equivalent to deciding it. The defense seems to be that the former judgment is *res judicata* of the present demand; but if so, the results are contrary to those for which the appellant contends. The issues in the former case, as submitted to the jury, seem conclusive of this view. Among the instructions given was the following:

"The contract provided that in case defendant should claim a forfeiture it should give the plaintiff ten days written notice of its election to terminate the contract and claim the forfeiture; the defendant does not plead

in its answer that such notice was ever given, nor has it offered any proof thereof; therefore, having failed to do the thing which the contract required it to do before it could claim a forfeiture, it has waived its right to forfeit said money in its hands under the provision of the contract.

"Under these circumstances the defendant is only entitled to retain such part of the money remaining in its hands, paid to it by the plaintiff, as it has shown by the evidence introduced it has been damaged by the action of the plaintiff in breaching the contract, if you so find, or such an amount as will equal the amount it has been shown by the evidence it is entitled to retain to pay for hay at $25.00 per ton of the character which plaintiff was bound to receive, delivered by defendant on the cars or in the warehouse as provided in the contract.

"Unless you find from the evidence that the defendant has delivered to the plaintiff on board cars or in the warehouse at Satus, hay of the character which plaintiff was bound to accept under the contract over and above the amount of hay which the plaintiff did accept and pay for, then the defendant is not entitled to retain any portion of said moneys and you must find for the plaintiff for the full amount remaining in defendant's hands, to-wit: the sum of $12,359.70. If, however, you do find that defendant delivered on the cars, or in the warehouse at Satus, hay which the plaintiff was bound to accept under the contract, but which it has not accepted and paid for, then you must find the number of tons of such hay so delivered and deduct from the moneys still remaining in defendant's hands such sum as will equal the number of tons of hay so delivered multiplied by $25.00. Whatever sum may remain over and above said amount plaintiff is entitled to recover, and for such balance you must find a verdict in favor of the plaintiff. If you should find that the defendant had delivered on the cars or at the warehouse hay of the quality which plaintiff was bound to accept, equal to the full amount of the money still remaining in defendant's hands, then your verdict should be for the defendant."

Under this instruction, the verdict of the jury meant, and could only mean, that the seller had tendered 174.39 tons of hay not accepted by the purchaser, but which, under the terms of the contract, the purchaser was bound to accept and pay for at the contract price, but no more; and as the hay was then in warehouse susceptible of delivery, the seller should have again tendered it with the payment of the money judgment, or should have kept his tender good and recognized the purchaser's demand for the hay when it was made. It seems to us that the former action is *res judicata* to the extent that it establishes the respondent's right to this amount of hay or its value.

The judgment is affirmed.

MAIN, C. J., BRIDGES, PEMBERTON, and PARKER, JJ., concur.